UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL FERGUSON, CDCR #BS-9872,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BRANDON HITTLE; SYCUAN POLICE DEP'T; SYCUAN HOTEL AND CASINO; JOHN DOE 1,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-1128-GPC-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

　　　Plaintiff Tyrell Ferguson, while incarcerated at the California City Correctional Facility ("CCCF") in California City, California, and proceeding pro se, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, "Compl." at 1.) Ferguson claims Sycuan Police Officers[1] conducted an illegal search of his person and

---

[1] The Court presumes Plaintiff means to refer to the Sycuan Band of the Kumeyaay Nation, which is a "federally recognized tribe of Mission Indians from Southern California, located

arrested him while he was at the Sycuan Hotel and Casino. *See generally* Compl.

Ferguson has not prepaid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action. Instead, he has filed a certified copy of his inmate trust account statement which the Court liberally construes to be a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for

---

in an unincorporated area of San Diego County just east of El Cajon. The Sycuan band are a Kumeyaay tribe, one of the four ethnic groups indigenous to San Diego County." *See* https://en.wikipedia.org/wiki/Sycuan_Band_of_the_ Kumeyaay_Nation (last visited June 29, 2023). Sycuan Casino is a gaming casino owned by the Sycuan Tribe. *See* https://www.500nations.com/casinos/caSycuan.asp (last visited June 29, 2023).

[2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

. . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Ferguson has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, as well as a prison certificate authorized by a CCCF Accounting Officer. (ECF No. 2.) *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Ferguson had an average monthly balance of $21.23, and average monthly deposits of $82.50 to his trust account during the six months prior to filing, but an available balance of only $0.34 in his account at the time he filed suit. (ECF No. 2.) Therefore, the Court **GRANTS** Ferguson's Motion to Proceed IFP (ECF No. 2), and declines to assess any initial filing fee because his trust account statements show he "has no means to pay it." *Bruce*, 577 U.S. 84–85. Instead, the Court **DIRECTS** the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward those fees to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2). *See id.*

II.   **SCREENING**

   A.   **Standard of Review**

Because Ferguson is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found

frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.     Factual Allegations**

Ferguson arrived at the Sycuan Hotel and Casino on September 22, 2019. *Compl.* at 3. He alleges Defendant Sycuan Officer Brandon Hittle approached him and informed him it was "illegal to smoke or bring marijuana on the reservation." *Id.* Ferguson denied

that he possessed marijuana and informed Hittle that he had smoked marijuana before he arrived at the hotel and casino. *See id.* Ferguson alleges Hittle grabbed his arm, placed handcuffs on him, and conducted a search of his person and his backpack. *See id.* Hittle found twenty-eight grams of methamphetamine and "book[ed] [Ferguson] in the county jail" for possession of drugs. *Id.*

Ferguson seeks $150,000 in compensatory damages and $3,000,000 in punitive damages. *See id.* at 8.

### C.     Discussion

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

First, Ferguson names the "Sycuan Police Department" and "Sycuan Hotel and Casino" as Defendants. *See* Compl. at 1, 2. To the extent Ferguson seeks to hold the tribe liable, the tribe is not subject to suit under § 1983. *See Inyo Cty., Cal. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony,* 538 U.S. 701, 708 (2003) ("Native American tribes, like States of the Union, are not subject to suit under § 1983.").

Ferguson also fails to allege whether Defendant Hittle acted under color of tribal or state law when he was searched and arrested, or whether he seeks to hold any individual liable for actions taken in either their personal or official capacities. *See Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law" pleading requirements); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (noting that official-capacity suits filed against state officials are merely an alternative way of pleading an action against the State itself); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose liability upon a government official for actions [the official takes] under color of state law."). Sovereign immunity "protects tribal employees where a tribe's

officials are sued in their official capacities" because such a suit would in effect be against the tribe. *See Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (citing *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2015)). Thus, absent a waiver of sovereign immunity, Ferguson also cannot sue Sycuan or any of its police officers based on acts taken within the scope of their delegated tribal authority in federal court. *See Kennerly v. United States*, 721 F.2d 1252, 1258–59 (9th Cir. 1983) (holding that, because "there has been no express waiver [of sovereign immunity] or consent to suit, nor any congressional authorization for such a suit against the Tribe, [the federal courts] are without jurisdiction"); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479–80 (9th Cir. 1985).

Thus, the Court concludes Ferguson's Complaint must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, because Ferguson is proceeding pro se, the Court will grant him an opportunity to amend now that he has been provided "notice of the deficiencies in his complaint." *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** Ferguson's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Ferguson's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Ferguson's Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Ferguson 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Ferguson's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Ferguson fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  June 30, 2023

Hon. Gonzalo P. Curiel
United States District Judge