UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL FERGUSON, CDCR #BS-9872,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRANDON HITTLE; SYCUAN POLICE DEP'T; SYCUAN HOTEL AND CASINO; JOHN DOE 1,<br><br>                              Defendants. | Case No.: 3:23-cv-1128-GPC-KSC<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO APPOINT COUNSEL: AND**<br><br>**2) GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 4, 5]** |

**I.      Procedural History**

On June 9, 2023, Plaintiff Tyrell Ferguson, while incarcerated at the California City Correctional Facility ("CCCF") in California City, California, and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, "Compl." at 1.) Ferguson claimed Sycuan Police Officers conducted an illegal search of his person and arrested him while he was at the Sycuan Hotel and Casino. (*See generally* Compl.) In addition, Plaintiff filed a certified copy of his inmate trust account statement

which the Court liberally construed to be a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On June 30, 2023, the Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A (ECF No. 3).  Plaintiff was granted forty-five (45) days leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order.  (*See id.* at 6-7.)

Instead of filing an amended complaint, Plaintiff filed a Motion for Appointment of Counsel and in addition, wrote a letter to the Court indicating that he had difficulty obtaining access to the prison's law library.  (*See* ECF Nos. 4, 5.)

**II.     Motion to Appoint Counsel**

Plaintiff seeks appointment of counsel on the basis that the prison where he is located is closing and it is "hard to get anything done in a timely manner."  (ECF No. 6 at 1.) However, there is no constitutional right to counsel in a civil case, and appointment of counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits of the claims and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Because Plaintiff is capable of legibly articulating the facts and circumstances relevant to his claims, which are not exceptionally legally complex, and has yet to show he is likely to succeed on the merits of his claims, the motion for appointment of counsel is **DENIED** without prejudice.

/ / /

/ / /

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 4); and

2) **SUA SPONTE GRANTS** Plaintiff an extension of time to file a First Amended Complaint. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Friday, November 3, 2023**. Plaintiff's Amended Complaint must also address all the deficiencies of pleading previously identified in the Court's June 30, 2023 Order (ECF No. 3), and must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

3) **CAUTIONS** Plaintiff that should he fail to file an Amended Complaint on or before **Friday, November 3, 2023**, the Court will enter a final Order dismissing his case based on his previous failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), as well as his failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: September 18, 2023

Hon. Gonzalo P. Curiel
United States District Judge