UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL FERGUSON, CDCR #BS-9872,<br><br>         Plaintiff,<br><br>vs.<br><br>BRANDON HITTLE; SYCUAN POLICE DEP'T; SYCUAN HOTEL AND CASINO; JOHN DOE 1,<br><br>         Defendants. | Case No.: 3:23-cv-1128-GPC-KSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

**I. Procedural History**

On June 9, 2023, Plaintiff Tyrell Ferguson ("Plaintiff" or "Ferguson"), while incarcerated at the California City Correctional Facility ("CCCF") in California City, California, and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42

U.S.C. § 1983. (*See* ECF No. 1, "Compl." at 1.) Ferguson claimed Sycuan Police Officers[1] conducted an illegal search of his person and arrested him while he was at the Sycuan Hotel and Casino. (*See generally* Compl. )

In addition, Plaintiff filed a certified copy of his inmate trust account statement which the Court liberally construed to be a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On June 30, 2023, the Court GRANTED Plaintiff IFP status and *sua sponte* DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). (*See* ECF No. 3, June 20, 2023 Order.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies in his pleading. (*See id.*) On October 16, 2023, Plaintiff filed his First Amended Complaint ("FAC") (ECF No. 8.).

## II.    SUA SPONTE SCREENING

### A.    Standard of Review

As the Court informed Plaintiff in the previous Order, because he is a prisoner and is proceeding IFP, his FAC requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion found frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. See *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the

---

[1] The Court presumes Plaintiff means to refer to the Sycuan Band of the Kumeyaay Nation, which is a "federally recognized tribe of Mission Indians from Southern California, located in an unincorporated area of San Diego County just east of El Cajon. The Sycuan band are a Kumeyaay tribe, one of the four ethnic groups indigenous to San Diego County." See https://en.wikipedia.org/wiki/Sycuan_Band_of_the_ Kumeyaay_Nation (last visited October 23, 2023). Sycuan Casino is a gaming casino owned by the Sycuan Tribe. See https://www.500nations.com/casinos/caSycuan.asp (last visited October 23, 2023).

expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.     Factual Allegations

On September 22, 2019, Plaintiff was "at the El Cajon trolley station waiting to catch the Sycuan shuttle to the casino." (FAC at 3.) Defendant Brandon Hittle ("Hittle), a Sycuan Tribal police officer, was also waiting for the shuttle. (*See id.*) Plaintiff alleges that when they arrived at the Sycuan Casino, Hittle and another unnamed officer approached Plaintiff at the ATM and told Plaintiff "you know it's illegal to smoke or bring marijuana on the reservation." (*Id.* at 4.) Plaintiff claims he told Hittle he was aware that it was illegal which is why he "smoked before" he arrived at the casino. (*Id.*) Plaintiff alleges

that Hittle grabbed his right arm and put it behind his back, placed him in handcuffs, and searched his person and backpack. (*See id.*) Hittle found Plaintiff possessed twenty-eight grams of methamphetamine and "booked [Plaintiff] in the County Jail" for possessing and sale of drugs. (*Id.* at 5.) Plaintiff alleges that the charges were later dismissed "for illegal search." (*Id.*)

Plaintiff seeks $150,0000 in compensatory damages and $3,000,000 in punitive damages. (*See id.* at 1.)

### C. Discussion

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

As an initial matter, Plaintiff indicates that it is his intent to "remove Defendant Sycuan Hotel and Casino" as a Defendant. FAC at 1. As the Court informed Plaintiff in its June 30, 2023 Order, "[d]efendants not named and any claim not re-alleged in his [FAC] will be considered waived." ECF No. 3 at 7 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Because Plaintiff no longer names "Sycuan Hotel and Casino" as a Defendant, the claims against this Defendant are deemed waived.

To the extent Ferguson seeks to hold the tribe liable, the tribe is not subject to suit under § 1983. *See Inyo Cty., Cal. v. Paiute-Shoshone Indians of the Bishop Cmty. of the Bishop Colony,* 538 U.S. 701, 708 (2003) ("Native American tribes, like States of the Union, are not subject to suit under § 1983.").

To the extent that Ferguson seeks to hold the tribal police department and individual tribal officers liable in their official capacity for allegedly violating his constitution rights, they are entitled to immunity from money damages. Sovereign immunity "protects tribal employees where a tribe's officials are sued in their official capacities" because such a suit would in effect be against the tribe. *See Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (citing *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2015)). Thus, absent a waiver of sovereign immunity, Ferguson also cannot sue Sycuan or any of its police officers based on acts taken within the scope of their delegated tribal authority in federal court. *See Kennerly v. United States*, 721 F.2d 1252, 1258–59 (9th Cir. 1983) (holding that, because "there has been no express waiver [of sovereign immunity] or consent to suit, nor any congressional authorization for such a suit against the Tribe, [the federal courts] are without jurisdiction"); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479–80 (9th Cir. 1985).

In addition, Ferguson has not stated a claim against Defendant Hittle or Defendant John Doe because he has failed to allege facts to show that either Defendant was a "state actor" for purposes of § 1983. Here, Ferguson alleges that Defendant Hittle suspected him of violating tribal law, not any county or state law. While he alleges that Hittle and his unnamed partner were "state actors," he does not allege that they were acting pursuant to state law when he was searched and arrested at the Casino. *See Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law" pleading requirements). "Actions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law." *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989). Ferguson has failed to allege any facts to support his claim that these Defendants were state actors and in fact, he clearly alleges that they were acting as tribal officials enforcing tribal laws.

Thus, the Court concludes Ferguson's FAC must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court:

**DISMISSES** Plaintiff's First Amended Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and the Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: October 26, 2023

Hon. Gonzalo P. Curiel
United States District Judge